IN RE DISBARMENT PROCEEDINGS OF WILLIAM L. NEWBY.

FILED MAY 3, 1906. No. 14,320.

1. **Attorneys:** DISBARMENT. If proceedings for disbarment are begun against an attorney at law based solely upon a charge of crime against the laws of this state, which is not admitted by the accused, this court will not, ordinarily, investigate the facts constituting the alleged crime while the matter is pending upon indictment in the district court.

2. ———: ———. If the charge upon which disbarment proceedings are based involves professional misconduct in the relations of an attorney at law with the court in which he practices, that court may, upon satisfactory proof, disbar the attorney from practicing before it.

3. ———: ———. This court alone can pass upon the qualifications of applicants for admission to the bar, and has sole power to annul such admission.

ERROR to the district court for Saline county: LESLIE G. HURD, JUDGE. *Judgment, as modified, affirmed.*

*W. L. Newby, W. G. Hastings* and *A. G. Wolfenbarger,* for William L. Newby.

*Norris Brown, Attorney General, W. T. Thompson* and *Joshua Palmer,* for the state.

SEDGWICK, C. J.

Proceedings were begun in the district court for Saline county to disbar William L. Newby, an attorney at law practicing in that court. The complaint filed charged that an action was begun in that court to foreclose a tax lien upon certain real estate situated in that county, and in that action Charles E. Jennings, who then appeared by the records of the county to have the legal title to the real estate in question, was made defendant, the plaintiff at the time supposing that the said Jennings was living; that in fact the said Jennings was before that time deceased; that the said Jennings was a resident of Oklahoma territory some time before his decease, and died there, and an administrator of his estate was there appointed, and that William L. Newby filed a petition in intervention for one Melinda H. Smiley, alleging that the said Smiley was the owner in fee of the real estate in question; that after the decease of said Jennings the said Newby appeared before a notary public of Logan county in the territory of Oklahoma and pretended that he, the said Newby, was Charles E. Jennings, and there executed and acknowledged a deed in the name of Charles E. Jennings purporting to convey the real estate in question to the said Smiley, and "forged the name of said Charles E. Jennings to said deed," and that the said Newby, knowing that the said Jennings was deceased, appeared in the said action as the attorney of said Jennings, and also as the attorney of said Smiley; that he filed various papers in said cause to which he signed the name of said Jennings, and that the said proceedings on the part of said Newby were done by him for the purpose of deceiving the court as well as the parties to

the litigation, and to make it appear that the said Smiley was the owner of the real estate in question, and that he was the authorized attorney for the said Jennings, well knowing at the time that the deed aforesaid was a forgery, and that the said Jennings was dead at the time he so appeared. The complaint recites that defendant filed an attorney's lien in said cause and signed the same as attorney for said Jennings. To this complaint Newby filed an answer in which he admitted the allegations in regard to the commencement of the tax foreclosure proceedings, and admitted that he appeared for Melinda H. Smiley and filed a petition in intervention, and acted for her therein, and filed an attorney's lien in said cause "on the 19th day of February, 1904, as the same appears of record and in the files of this court," and denied the other allegations of the complaint. The court appointed a committee of three members of the bar "to ascertain and report the facts." This committee afterwards reported to the court the following findings:

· (1) We find that there is an action pending in the district court for Saline county, Nebraska, wherein Ella A. Taylor is plaintiff and Charles E. Jennings et al. are defendants, to foreclose a tax lien on lots Nos. 144 and 145 in R. S. Bentley's addition to the town of Friend, Nebraska. (2) That this respondent appeared in said action as attorney for Charles E. Jennings, defendant, and Melinda H. Smiley as intervener. That his appearance for Charles E. Jennings was without authority. (3) That Charles E. Jennings died at Lawton, Oklahoma territory, October 13, 1902, seized in fee simple of lots Nos. 144 and 145 in R. S. Bentley's addition to the town of Friend, Nebraska. (4) That at the time the respondent filed the petition of intervention in said action for Melinda H. Smiley he well knew that the deed pretending to convey to her the lots in question was not a true deed. That on the 15th day of June, 1903, the respondent appeared before one Elmer J. Garner, a duly qualified notary public in and for Logan county, Oklahoma territory, at the village of Coyle, in said county

and territory, and represented himself to be Charles E. Jennings, and then and there signed and acknowledged a deed as Charles E. Jennings before said Garner as such notary public, pretending to convey lots Nos. 144 and 145 in R. S. Bentley's addition to the town of Friend, Saline county, Nebraska, to Melinda H. Smiley; and afterwards, to wit, on the 18th day of February, 1904, respondent presented said deed to Frank J. Sadilek, the register of deeds in and for Saline county, Nebraska, who afterwards recorded the same in book 47 of the deed records of Saline county, Nebraska, and on page 195 thereof; and that on the 14th day of March, 1904, said deed was in the possession of the respondent. We find that the said Melinda H. Smiley is the mother of the respondent, and is now living. We find that the respondent has been guilty of deceit to the court, and in collusion to deceive with Melinda H. Smiley.

It was, of course, unnecessary to make findings of matters admitted in the answer, or of matter shown by the files of the court in which the proceedings were pending, which were referred to and identified by the answer. Some exceptions were taken to this report of the committee, and after all objections thereto had been overruled the court entered the following order: "And on this same day this matter came on for hearing on the report of the commitee heretofore filed in this case, and the court being fully advised in the premises, the court hereby approves and confirms the findings of the referees herein in all t̄ ings. It is therefore considered, ordered and adjudged by the court that the said William L. Newby be debarred from all privileges as an attorney at law, and from practicing in the courts of the seventh judicial district and from the courts of the state of Nebraska, and the committee are directed to certify this order to the supreme court of the state of Nebraska." The case is in this court upon proceedings in error on the part of Newby to reverse this order of the district court.

1. The first question presented by the plaintiff in error,

and the one most insisted upon and discussed, is whether disbarment proceedings based upon a charge of forgery can be sustained and disbarment ordered before conviction upon a criminal prosecution for forgery. In *Morton v. Watson,* 60 Neb. 672, which was a proceeding for disbarment, the court said:

"We do not hold that it is indispensable that a hearing of this nature should be suspended because a criminal prosecution is pending charging the person against whom a disbarment proceeding is being taken with the same facts until the criminal cause is terminated. A finding in a disbarment proceeding either adverse to or in favor of the person accused perhaps would in no way affect such criminal action; nor would a verdict of either guilty or not guilty in a criminal action be binding on a court in a disbarment proceeding wherein the same act is charged."

This language, however, is not to be regarded as constituting a precedent binding upon the court. We recognize the authority of the case itself, and the binding force of adjudication upon the question there involved. In that case referees were appointed by the court, who reported that a prosecution was pending in which the defendant was "under indictment or information of a criminal nature for a criminal charge" in connection with one of the specifications of the complaint upon which the disbarment proceedings were based, and the referees further reported that, for that reason, they had declined to hear evidence tending to prove the criminal charge upon which the defendant was under indictment; and the court determined the question as to whether the referees should have heard such evidence in the following words: "But we have no doubt that it was within the sound discretion of the court, and its committee, to refuse to take up the specification covered by the pending indictment until the criminal prosecution had ended." This language disposed of the question as far it was necessary to do so in the determination of that case, and we think that under the circumstances in that case this ruling was correct. We are not,

however, prepared to say that, if an attorney at law has been convicted of a crime involving moral turpitude, this court would under any circumstances continue him upon the roll of its honorable attorneys while under conviction and sentence for such crime. We think that this court would take the verdict of the jury and the judgment of the criminal court thereon as sufficient evidence of guilt and would not reinvestigate the facts.

Again, when a member of the bar of this court is charged with a crime involving moral turpitude as ground for disbarment, and the facts in relation to that crime are in process of investigation before a court constituted by the constitution for the investigation of such matters, this court would await the determination of the criminal proceedings before passing upon the question of disbarment based solely upon the alleged commission of such crime. In this case, we think the honorable referees who were appointed by the district court to investigate these charges against this defendant and who have manifested so much zeal and care in ascertaining the truth of the matter, were mistaken in supposing that it was their duty to compel the defendant himself to testify in regard to the facts tending to show his guilt of a crime which ought to be investigated by a constitutional jury. There is an exception to the rule of law which we are now expressing, as shown by the opinion of the majority of the supreme court of the United States in *Ex parte Wall*, 107 U. S. 265, 27 L. ed. 552. The opinion of the majority of the court in that case was prepared by Mr. Justice Bradley and contains an exhaustive review of the decisions of this country, and of England, and of the common law principles involved, and although his reasoning is strenuously criticised by Mr. Justice Field, in a dissenting opinion, we are satisfied to adopt the views of the majority of the court as expressed in the third paragraph of the syllabus in the following words:

"That although, in ordinary cases, where an attorney commits an indictable offense, not in his character of attorney, and does not admit the charge, the courts will not

strike his name from the roll until he has been regularly indicted and convicted, yet that the rule is not an inflexible one; that there may be cases in which it is proper for the court to proceed without such previous conviction; and that the present case, in view of its special circumstances, the evasive denial of the charge, the clearness of the proof, and the failure to offer any counter proof, was one in which the court might lawfully exercise its summary powers."

At the time the referees took the evidence in this case no criminal prosecution had been begun against the defendant, but this fact would hardly justify the compulsory examination of the defendant under oath upon the facts, which, if proved before a jury, would convict him of forgery. So far as these proceedings rest upon a charge and evidence constituting the crime of forgery, therefore, we are satisfied that they ought not to be allowed to stand.

2. Attorneys practicing in the district courts of this state are officers of the courts in which they practice. Their position is an honorable one; they are the trusted advisers of the court. There can be no doubt that the court has ample power to protect itself against dishonorable and corrupt practitioners. "It is the duty of an attorney and counselor: (1) To maintain the respect due to the courts of justice and to judicial officers. (2) To counsel or maintain no other actions, proceedings, defenses, than those which appear to him legal and just, except the defense of a person charged with a public offense. (3) To employ for the purpose of maintaining the cause confided to him, such means only as are consistent with truth. (4) To maintain inviolate the confidence, and, at any peril to himself, to preserve the secrets of his clients. (5) To abstain from all offensive practices, and to advise no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which he is charged. (6) Not to encourage the commencement or continuance of an action or proceeding from any motive of passion or interest. An attorney and counselor who is guilty of deceit

or collusion, and consents thereto, with intent to deceive a court, or judge, or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages, to be recovered in a civil action." Comp. St., ch. 7, secs. 5 and 6. It appears to us that there can be no doubt that the conduct of this defendant, as set forth in the charges filed against him, and established by his answer and the findings of fact by the referees, independently of the facts constituting the alleged crime of forgery, fully justifies the district court in refusing to allow him to appear as an attorney in that court.

There was an action pending in that court involving the foreclosure of a tax lien upon real estate. The defendant in that action had not been a resident of the county, but was formerly a resident of the territory of Oklahoma, and had died there a long time before the action was begun. The attorneys for the plaintiff were ignorant of the fact of the defendant's death, and so proceeded as though the defendant was living, and was a resident of Oklahoma. This defendant, knowing that the defendant in that action was deceased, and knowing that he had no authority whatever to appear for him while he was living, and of course could have no authority to so appear after his death, entered appearance in the name of the deceased defendant, and filed several papers in the case in which he, this defendant, signed the name of the deceased defendant in the action referred to. Afterwards, claiming compensation for these services as an attorney, he filed an attorney's lien against the deceased man, and undertook to establish that lien. He joined with one Smiley in an attempt to deceive the court and to lead the court to suppose that the action could proceed to an adjudication of the rights of the dead man, who had been named as defendant. He wilfully attempted to lead the court to believe that he had performed legal services in that particular action for one whom he never had authority to represent; one whom he knew was deceased at the time the action was begun, and so could not have incurred any liability to him

as attorney; and attempted thereby to establish a false claim for services rendered as an officer of the court. Upon these facts the court made an order terminating the relations of the defendant with the court as an officer thereof, and we cannot say that the court was not justified in so doing.

3. The judgment of the court should have been limited to disbarring the defendant from practicing as an attorney in that court until further order. Our statute contains no provision for disbarment proceedings. This matter is left to the common law power and duty of the various courts. It is a principle of general, if not uniform, application that the court which is entrusted with the power and the duty of determining the qualifications for admission to the bar has, by implication, the power and duty also to determine when those qualifications are wanting, and when the privilege of that high calling has been forfeited. This court has the sole power of admission to the bar, and therefore has sole power to annul such admission when sufficient cause appears. Charges of misconduct and deceit in the district court are properly entertained and dealt with in that court. Charges of criminal or immoral conduct calling for disbarment should be addressed to this court. No doubt the formal certificate to this court of these proceedings and the conviction of the defendant upon these charges are sufficient to require this court to take action. Further proceedings in this court upon the main charge against the defendant are continued until the final determination of the criminal proceedings now pending in the district court of Saline county. When those proceedings are finally disposed of, it will be the duty of the attorney general to so inform this court, and further proceedings will then be taken thereon.

The judgment of the district court complained of is modified so as to disbar the defendant from practicing in the district court of the seventh judicial district until the further order of that court, and as so modified is

AFFIRMED.