STATE, EX REL. WILLIAM H. WRIGHT, ATTORNEY GENERAL, PLAINTIFF, V. ROBERT A. BARLOW, DEFENDANT.

FILED JUNE 19, 1936. No. 29868.

*William H. Wright, Attorney General, Milton C. Murphy* and *Lester A. Danielson,* for plaintiff.

*Ginsburg & Ginsburg* and *R. P. Kepler,* for defendant.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and KROGER and IRWIN, District Judges.

GOOD, J.

This is an original action in this court, instituted by the state of Nebraska, upon relation of the attorney general, against the defendant, Robert A. Barlow, who is county judge of Cheyenne county, Nebraska.

The information contains ten counts, in each of which it is alleged that defendant has practiced law in this state without being licensed so to do, and that such practice constitutes contempt of this court. Defendant has filed a general demurrer to the information as a whole and to each count thereof. It is defendant's contention that the facts alleged in each of five counts of the information are insufficient to constitute the practice of law. Defendant

tacitly concedes, and we think it is beyond question, that counts 1, 2, 3, 5 and 9 sufficiently charge the defendant with the practice of law within this state without having a license so to do.

An all-embracing definition of the term, "practice of law," would involve great difficulty. For the purpose of this proceeding, it is sufficient to say that it includes not only the trial of causes in court and the preparation of pleadings to be filed in court, but also includes drawing and advising as to the legal effect of petitions for the probate of wills, the drawing of wills, deeds, mortgages and other instruments of like character, where a legal knowledge is required, and where counsel and advice are given with respect to the validity and legal effect of such instruments. Among the cases so holding, in substance, the following are mentioned: *In re Opinion of the Justices,* 194 N. E. (Mass.) 313; *Paul v. Stanley,* 168 Wash. 371, 12 Pac. (2d) 401; *Boykin v. Hopkins,* 174 Ga. 511, 162 S. E. 796; *Land Title Abstract & Trust Co. v. Dworken,* 129 Ohio St. 23, 193 N. E. 650. We do not desire to be understood as saying that the mere act of drawing a promissory note, chattel mortgage, real estate mortgage, deed or other similar instruments would constitute the practice of law, where the person so drawing them acts merely as an amanuensis and does not advise or counsel as to the legal effect and validity of such instruments.

Defendant insists that to constitute the practice of law one must hold himself out as a licensed attorney and receive a fee for his service. We think that this claim is not well founded. One may represent a client in court, draw the pleadings for his client's cause and actually try it in court without receiving a fee for such service. Certainly, no one would contend that such acts do not constitute the practice of law. It is a matter of common knowledge that attorneys are appointed by the federal courts to defend indigent persons, charged with crimes in such courts, and that they render such service without compensation. It can scarcely be said that the defense of a person charged

with a crime in the federal court is not the practice of law. It might as well be said that a surgeon who performs, without fee or reward, a tonsillectomy or appendectomy is not practicing surgery. Other authorities, holding to the effect that the charging and receiving of a fee is unnecessary to constitute the practice of law, are *Ferris v. Snively,* 172 Wash. 167, 19 Pac. (2d) 942; *People v. Association of Real Estate Taxpayers,* 354 Ill. 102, 187 N. E. 823.

Defendant contends that counts 4, 6, 7, 8 and 10 are insufficient to charge the practice of law without a license. Count 4 charges defendant with giving advice and counsel to certain named parties concerning the execution and delivery of a promissory note and chattel mortgage, and that he did prepare such note and mortgage and advised the parties as to the legal effect thereof. This sufficiently charges the practice of law.

Count 6 charges that defendant, purporting and pretending to act as a duly licensed attorney at law, did unlawfully counsel with and advise one certain named person and her husband to execute and deliver to another a note and chattel mortgage, and did then and there advise said person that said transaction was legal and binding. We think this is sufficient to charge the defendant with practicing law.

Count 7 charges that defendant had acted as agent for the National Surety Company, a corporation, in the drafting and preparation of surety bonds for divers executors, administrators and guardians, and in collecting the premiums upon said bonds. In our opinion, this count is insufficient to charge the practice of law. It is not charged that the surety company was not authorized to transact a bonding business in this state. If it was so authorized, it could act only through an agent, and if defendant was acting as agent for the company and was authorized by the company to execute the bonds, then he was only performing a duty which the state authorizes a bonding company to perform. It would no more constitute the practice

of law than would the act of a recording agent for an insurance company who prepares and delivers to an insured a policy of fire insurance. The law of this state permits companies to transact such business and authorizes them to appoint agents, and the agents are duly licensed by the state. Certainly, it cannot be said that one licensed to transact an insurance or bonding business can be guilty of the practice of law, where he merely performs the duties of such agent.

Count 8 charges that defendant did draw and prepare, at the request of one Bolger, a certain assignment in writing of a certain judgment. So far as appears, defendant did no more than act as an amanuensis for Bolger in writing the assignment. The assigned judgment was in the county court of which the defendant was the county judge. Thereafter he received and filed the assignment in his court. However, had the assignment been prepared by any other person, and had the assignee brought the assignment to the defendant as county judge, it would have been his duty to receive and file the same in his court. Count 8 of the information is insufficient to charge the practice of law.

Count 10 charges the defendant with advising and counseling as attorney at law with one Lenzen, guardian of certain minors in a guardianship matter in the county court of Cheyenne county, Nebraska, and that he did advise and counsel with said guardian to lend to himself funds belonging to the estate of his ward, and did then and there draw and prepare an order of the county court of Cheyenne county, authorizing said loan by said guardian to himself, and did prepare and draw a note and mortgage to secure the payment of said loan. This sufficiently charges the practice of law.

We are of the opinion that each count of the information, except counts 7 and 8, charges defendant with the practice of law.

Defendant contends that this court is, by constitutional provision, subordinate to the legislature in the regulation

of the practice of law; that it can only act in the absence of legislation; that the legislature has occupied the field and thereby excluded this court from the exercise of such power. He relies upon section 25, art. V of the Constitution, which, so far as applicable to the present controversy, reads: "For the effectual administration of justice and the prompt disposition of judicial proceedings, the supreme court may promulgate rules of practice and procedure for all courts, uniform as to each class of courts, and not in conflict with laws governing such matters." We think the constitutional provision was intended to authorize this court to promulgate rules for the practice and procedure in courts, and that it was not intended to limit the power of the court with reference to the admission or disbarment of attorneys, or to limit the court in fixing the qualifications which one must possess to be admitted to practice law.

Section 1, art. II, Const., provides: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others except as hereinafter expressly directed or permitted." Section 1, art. V, Const., provides: "The judicial power of the state shall be vested in a supreme court, district courts," etc.

This court has heretofore recognized and decided that it has the power to adopt rules fixing the qualifications for admission to the bar, and requires a higher standard of educational qualifications than does the statute. In *In re Disbarment Proceedings of Newby*, 76 Neb. 482, 107 N. W. 850, it was held: "This court alone can pass upon the qualifications of applicants for admission to the bar, and has sole power to annul such admission." See, also, *In re Admission to the Bar*, 61 Neb. 58, 84 N. W. 611. The principles announced in these cases were approved in the case of *State v. Goldman*, 127 Neb. 340, 255 N. W. 32.

Turning now to the decisions of other courts, we find

that in *In re Opinion of the Justices, supra,* it was said (194 N. E. p. 316) : "It is inherent in the judicial department of government under the Constitution to control the practice of the law, the admission to the bar of persons found qualified to act as attorneys at law and the removal from that position of those once admitted and found to be unfaithful to their trust. While the judicial department cannot be circumscribed or restricted in the performance of these duties, appropriate and essential assistance in discharging them may be afforded by the enactment of statutes."

In *In re Lavine,* 2 Cal. (2d) 324, 41 Pac. (2d) 161, it was said (p. 328) : "An attorney is an officer of the court and whether a person shall be admitted is a judicial, and not a legislative, question. However, notwithstanding the inherent power of the courts to admit applicants for licenses to practice law it is generally conceded that the legislature may prescribe reasonable rules and regulations for admission to the bar which will be followed by the courts. The regulations so prescribed must, as stated, be reasonable and shall not deprive the judicial branch of its power to prescribe additional conditions under which applicants shall be admitted, nor take from the courts the right and duty of actually making orders admitting them. * * * In short, such legislative regulations are, at best, but minimum standards unless the courts themselves are satisfied that such qualifications as are prescribed by legislative enactment are sufficient. The requirements of the legislature in this particular are restrictions on the individual and not limitations on the courts. They cannot compel the courts to admit to practice a person who is not properly qualified or whose moral character is bad. In other words, the courts in the exercise of their inherent power may demand more than the legislature has required." Similar rulings have been announced in *Rhode Island Bar Ass'n v. Automobile Service Ass'n,* 179 Atl. (R. I.) 139, and in *People v. People's Stock Yards Bank,* 344 Ill. 462; 176 N. E. 901.

We have reached the definite conclusion that this court is vested with exclusive power to determine the qualifications of persons who may be permitted to practice law in this state, and possesses the exclusive power to disbar licensed attorneys who have been unfaithful to the trust which the court has reposed in them.

Whether the unauthorized practice of law may be punished as a contempt has not been hitherto decided by this court. Other courts have passed upon the question.

In *In re Morse*, 98 Vt. 85, 126 Atl. 550, the question was before that court, and it was therein said (p. 94) : "It is true we have no constitutional or statutory provision on the subject, but none is necessary. Nor is it necessary to search the common law for authority, since such authority is fairly to be implied from the express power conferred upon this court in the matter of licensing attorneys. * * * Our conclusion is that this court has implied power to punish for contempt persons pretending to practice as attorneys before the courts of this state."

In *People v. People's Stock Yards Bank, supra*, it was said (p. 471) : "Having power to determine who shall and who shall not practice law in this state, and to license those who may act as attorneys and forbid others who do not measure up to the standards or come within the provisions of its rules, it necessarily follows that this court has the power to enforce its rules and decisions against offenders, even though they have never been licensed by this court. Of what avail is the power to license in the absence of power to prevent one not licensed from practicing as an attorney? In the absence of power to control or punish unauthorized persons who presume to practice as attorneys and officers of this court the power to control admissions to the bar would be nugatory. And so it has been held that the court, which alone has authority to license attorneys, has as a necessary corollary ample implied power to protect this function by punishing unauthorized persons for usurping the privilege of acting as attorneys." See *People v. Alfani*, 227 N. Y. 334, 125

N. E. 671; *People v. Association of Real Estate Taxpayers, supra; People v. Motorists Association of Illinois*, 354 Ill. 595, 188 N. E. 827; *People v. Securities Discount Corporation*, 361 Ill. 551, 198 N. E. 681; *People v. Chicago Motor Club*, 362 Ill. 50, 199 N. E. 1; *Rhode Island Bar Ass'n v. Automobile Service Ass'n, supra.*

Defendant further contends that, since the legislature has, by statute, provided a penalty for the practice of law without a license and has not, by statute, made such practice a contempt, this court is powerless so to do. That an act denounced by statute as a crime may constitute a contempt of the court is beyond question, nothwithstanding the offender may be prosecuted under a criminal statute. The question has been before other courts and a like holding has been made in *People v: Association of Real Estate Taxpayers, supra,* and in *Rhode Island Bar Ass'n v. Automobile Service Ass'n, supra.* This court possesses inherent power to protect itself and its officers from any unlawful interference with its functions as a court. This it may do, not only for the purpose of protecting the court and its officers, but in the interest of the public at large to prevent it from being exploited and injured by one unlawfully assuming to act as an officer of the court. There are many instances where persons' rights have been jeopardized and sacrificed because of following the counsel and advice of unlicensed persons, giving or attempting to give legal advice.

We reach the conclusion that the demurrer should be sustained as to counts 7 and 8, and overruled as to all other counts. Defendant is allowed 20 days in which to further plead.

JUDGMENT ACCORDINGLY.