STATE, EX REL. RICHARD C. HUNTER, ATTORNEY GENERAL,
PLAINTIFF, V. HOMER D. KIRK, DEFENDANT.

276 N. W. 380

FILED DECEMBER 10, 1937.   No. 30304.

*Richard C. Hunter, Attorney General,* and *Bert L. Overcash,* for plaintiff.

*F. A. Hebenstreit,* for defendant.

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

MESSMORE, J.

This is an original action for contempt for the illegal

practice of law by the defendant, wherein it is charged in counts 1, 2 and 3 of the information that defendant acted in the capacity of an attorney in proceedings in the county court of Richardson county, Nebraska, which is a court of record.

Counts 4, 5, 6 and 7 of the information charge the defendant with the practice of law in justice court without first having been duly admitted to the bar and licensed to practice law in the state of Nebraska. The defendant by his answer admits each and every allegation contained in counts 1, 2 and 3, and demurs generally to counts 4, 5, 6 and 7 of the information, and admits that he practiced law in justice court, as set out in said counts, but asserts that, assuming the same to be true, these acts on his part do not violate any of the laws of the state of Nebraska or the rules of this court. It is with this demurrer that we are concerned.

The charges contained in counts 4, 5, 6 and 7 of the information, relating to the practice of law by the defendant in a justice court, may be summarized as follows: Each count charges the defendant, being an unlicensed attorney, with commencing actions in behalf of certain plaintiffs against certain defendants, with pretending and purporting to represent and handle the entire litigation in said court and to counsel and advise with the plaintiffs; that he did draw, prepare and file the necessary pleadings in said actions; that he did represent said plaintiffs in the trial of said suits and examine and cross-examine witnesses, and that he presented and argued the cases in said court.

The issue stated is: Is it unlawful for a layman, as an agent, to prepare pleadings and conduct cases in a justice court in this state? The defendant relies entirely on section 7-101, Comp. St. 1929, which reads in part as follows:

"No person shall be admitted to practice as an attorney or counselor at law, or commence, conduct, or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings, or other papers

to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the supreme court of this state."

It will be noted that this statute is affirmative, and it is the fundamental law of this state that a person, not previously admitted to the bar by order of the supreme court of this state, cannot practice law in a court of record. The statute in question is silent as to any court in this state that is not a court of record. It does not prohibit a layman from practicing law in a justice court; neither does it provide for a layman to practice law in a justice court. Defendant contends that it is a function of the legislature of this state to amend the statute, and that it is not within the province of this court to write words into the statute that do not exist therein.

"The Constitution of this state does not, by express grant, vest the power to define and regulate the practice of law in any of the three departments of government." *In re Integration of Nebraska State Bar Ass'n, ante,* p. 283, 275 N. W. 265. In the body of the opinion in that case, quoting from 1 Andrews' American Law (2d ed.), sec. 182, p. 221, it was said: "It is a fundamental principle of constitutional law that each department of government, whether federal or state, 'has, without any express grant, the inherent right to accomplish all *objects naturally within the orbit of that department,* not expressly limited by the fact of the existence of a similar power elsewhere or the express limitations in the Constitution.' (Cases cited)." It was further said: "The practice of law is so intimately connected and bound up with the exercise of judicial power in the administration of justice that the right to define and regulate its practice naturally and logically belongs to the judicial department of our state government."

In *State v. Barlow,* 131 Neb. 294, 268 N. W. 95, it was said: "We have reached the definite conclusion that this court is vested with exclusive power to determine the qualifications of persons who may be permitted to practice law in this state." This court has exclusive power to define

the practice of law. In the body of the opinion in *In re Integration of Nebraska State Bar Ass'n, supra,* it was further said: "The term 'inherent power of the judiciary' means that which is essential to the existence, dignity and functions of the court from the very fact that it is a court."

"The proper administration of justice is the main business of a court, and whatever obstructs or embarrasses its chief function must naturally be under its control." *In re Integration of Nebraska State Bar Ass'n, supra.*

It will thus be seen from the foregoing holdings that this court has the inherent power to define and regulate the practice of law and is vested with exclusive power to determine the qualifications of persons who may be permitted to practice law. This brings us to the question: What constitutes the practice of law?

In *State v. Barlow, supra,* it was said in the body of the opinion: "An all-embracing definition of the term, 'practice of law,' would involve great difficulty." In the instant case, the practice of law would include the preparing and filing of the pleadings in the justice court, legal advice to persons represented by the defendant as to their rights in such cases, the direct and cross-examination of witnesses, the argument had to the court as to the legal rights of persons represented by the defendant, and all matters incident and necessary to the trial of said cases in the justice court.

In *Shortz v. Farrell,* 327 Pa. St. 81, 193 Atl. 20, in the body of the opinion it was said: "In considering the scope of the practice of law mere nomenclature is unimportant, as, for example, whether or not the tribunal is called a 'court,' or the controversy 'litigation.' Where the application of legal knowledge and technique is required, the activity constitutes such practice even if conducted before a so-called administrative board or commission. It is the character of the act, and not the place where it is performed, which is the decisive factor."

In *In re Ripley,* 191 Atl. (Vt.) 918, quoting from *People*

*v. People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901, it was said in the opinion: "Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or rendition of such service requires the use of any degree of legal knowledge or skill."

The defendant, by his acts, comes directly within these definitions of practicing law. The illegal practice of law is to be determined by the character of the act, not the place where the act is performed. *Shortz v. Farrell, supra.*

A justice court in this state is a court created by the Constitution. Const. art. V, sec. 1. The defendant, by his own admission, practiced law in the justice court.

While the defendant does not raise the question as to sections 21-501, 21-603, and 21-904, Comp. St. 1929, relating to justice court procedure, such sections are mentioned in the brief of the state. The sections of the statute referred to provide generally that a plaintiff, his agent or attorney, defendant, his agent or attorney, may file pleadings and maintain proceedings in justice courts. The term "agent," used in this connection, is to be construed as synonymous with the word "attorney," and only agents who are also attorneys may represent litigants in the justice courts.

It is the duty and obligation of this court, vested with the inherent power, as stated in *In re Integration of Nebraska State Bar Ass'n, supra, State v. Barlow, supra,* and cases cited, to protect the rights of the litigants of this state in the courts.

During this particular time, in the history of this state and nation, with its complex society and the availability of persons possessing legal talent, duly licensed to practice law in the courts, the latitude previously had by laymen to practice in justice courts of this state has indeed served its purpose. This court does not, nor does it intend to, deprive persons of carrying on other ordinary business pursuits, such as the mere act of drawing

a promissory note, real estate mortgages, chattel mortgages, deeds or other similar instruments, where the person so drawing them is merely an amanuensis and does not advise or counsel as to the legal effect and validity of such instruments. This court does intend to require the practice of law to be performed by duly licensed practitioners of the law, meeting the qualifications as required by this court. The reason for this is to establish a legal safeguard where persons' rights may not be jeopardized and sacrificed because of the counsel and advice of unlicensed persons, giving or attempting to give legal advice, preparing pleadings, filing cases and examining witnesses in the courts of this state.

The defendant in his brief states that he received no fee for his services in one or more of the cases, as set out in the information. This does not change the situation. In *State v. Barlow, supra,* it was held: "One may be guilty of the practice of law without a license, notwithstanding he receives no fee for the service performed." The defendant also states in his brief that, in the event of the overruling of his demurrer herein, he desires to enter an unqualified plea of guilty to the counts of the information demurred to.

The demurrer is overruled, and defendant's plea of guilty to the four counts noted.

DEMURRER OVERRULED.