STATE, EX REL. RICHARD C. HUNTER, ATTORNEY GENERAL, PLAINTIFF, V. FRED C. DAUGHERTY ET AL., DEFENDANTS.

286 N. W. 783

FILED JUNE 27, 1939. No. 30603.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke,* for plaintiff.

*H. M. Baldridge,* for defendants.

Heard before ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and CHAPPELL, District Judge.

EBERLY, J.

This is an original action in this court instituted by the State of Nebraska, upon the relation of the attorney general, against the defendants, Fred C. Daugherty and Joseph F. Waszgis.

The gist of the charge, so far as sustained by the pleadings and the evidence, is that the defendants named, not having "been licensed * * * to engage in the practice of law in this state or elsewhere," did "advise and counsel as attorneys at law" and did "furnish and render legal services for compensation and hire as attorneys at law of this state, to Alvina K. Miller and Gerald Miller, in direct contempt" of this court, etc.

By their amended answer in writing the defendants admitted that neither of said defendants has ever been licensed by this court or any other court to engage in the practice

of law in this state or elsewhere, and that neither is an active or inactive member of the Nebraska state bar association. They further also admitted the truth "of all of the statements made by each of them in the testimony given in the case of Miller v. Daugherty & Waszgis, Doc. V8-pg. 249, in the municipal court of the city of Omaha, Douglas county, Nebraska, which statements are part of the transcript and part of the record of said case."

This record so expressly admitted discloses that, in a proceeding pertaining to a tax foreclosure suit then pending in the district court for Douglas county in which Miller was interested, the defendants were consulted by him from 20 to 25 times, and in which they furnished him guidance, counsel and advice as to the steps to be taken in order that his legal rights might be preserved and protected. Further, that as compensation for the legal guidance, counsel and advice, defendants charged Miller a contingent fee of 50 per cent. of an item of $344, in controversy therein, and that Miller thereupon paid to said defendants such sum of $172, which said defendants divided equally between themselves. These defendants, however, did not formally appear in a court as attorneys at law in the transaction of this business which had been entrusted to them, and as to which their advice and counsel were sought and obtained.

On these unquestioned facts, the conclusions are, viz.:

(1) The supreme court is vested with the sole power to admit persons to the practice of law in this state and to fix the qualifications for admission to the bar.

(2) The giving of advice and counsel to Miller in the manner disclosed by this record, for a consideration exacted and paid, constitutes the practice of law, inhibited to all save such as are duly admitted to practice law by this court.

(3) The practice of law in this state by one not duly licensed may be prosecuted as for a contempt of this court. *State v. Barlow*, 131 Neb. 294, 268 N. W. 95.

In consideration of which, this court determines that said defendants, and each of them, by reason thereof, were, and are, guilty of contempt of the authority of this court. It

is further ordered and adjudged that each of said defendants be fined in the sum of $50, and that they be assessed with the costs of this proceeding, and stand committed to the county jail of Douglas county, Nebraska, until such fines and costs are paid. And, further, that a certified copy of this opinion and order, under the seal of this court, be process and warrant for executing this judgment.

JUDGMENT ACCORDINGLY.