STATE, EX REL. WALTER R. JOHNSON, ATTORNEY GENERAL, PLAINTIFF, v. C. E. CHILDE, DEFENDANT.

295 N. W. 381

FILED FEBRUARY 21, 1941.   No. 30822.

*Walter R. Johnson, Attorney General,* and *Don Kelley,* for plaintiff.

*A. G. Ellick,* for defendant.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an original action brought by the state on the relation of the attorney general charging the defendant with contempt of court for practicing law in this state without a license. The matter is before the court at this time on the motion of relator for a judgment on the pleadings.

At the first hearing before the referee, and prior to the filing of the motion for a judgment on the pleadings, respondent asked leave to amend his amended answer by filing an additional paragraph thereto. We hold that respondent was entitled to amend when leave to so do was requested and, by virtue of a stipulation appearing in the record, we will consider the amendment as a part of respondent's answer in ruling upon the motion now before the court.

The record shows that respondent is a person having reasonable skill and efficiency in handling matters relating to the fixing and revision of transportation and service rates and charges of common carriers. The acts alleged to constitute the practice of law are in relation to appearances made by respondent before the state railway commission. An understanding of the situation before us requires an investigation of the powers of this court over the subject-matter of the action and a determination of the powers and functions of the railway commission in so far as they bear upon the principles of law applicable to the case and necessary to a decision thereof.

This court has heretofore held that it has the power to define and regulate the practice of law as an inherent power of the judiciary. *In re Integration of the Nebraska State Bar Ass'n,* 133 Neb. 283, 275 N. W. 265. It is likewise invested with exclusive power to admit persons to the practice of law in this state and, except for the possible right of the

legislature to make minimum requirements for the protection of the public by a proper exercise of the police power, to fix the qualifications for admission to the bar. *State v. Barlow,* 131 Neb. 294, 268 N. W. 95; *State v. Kirk,* 133 Neb. 625, 276 N. W. 380. The power to discipline those licensed to practice law is also vested with this court. *In re Disbarment Proceedings of Newby,* 76 Neb. 482, 107 N. W. 850; *State v. Goldman,* 127 Neb. 340, 255 N. W. 32. The power of this court to regulate the bar has been held to include the power to integrate the bar by rule of court. *In re Integration of the Nebraska State Bar Ass'n,* 133 Neb. 283, 275 N. W. 265. The power to define what constitutes the practice of law is likewise lodged with this court. *State v. Barlow,* 131 Neb. 294, 268 N. W. 95; *State v. Kirk,* 133 Neb. 625, 276 N. W. 380. The court has the sole power to punish for contempt any person assuming to practice law within this state without having been duly licensed to do so. *State v. Barlow,* 131 Neb. 294, 268 N. W. 95; *State v. Hinckle,* 137 Neb. 735, 291 N. W. 68.

The authority of the supreme court to define and regulate the practice of law is inherently contained in the grant of judicial power to the courts by the Constitution. Respondent contends, in view of this fact, that such inherent power is limited by the doctrine of the separation of powers and does not include the right to regulate the appearance and activity of practitioners appearing before the railway commission while it is engaged in other than judicial functions. It is argued by the relator that the character of the act and not the place where the act is performed is the controlling and decisive factor. There are many cases from foreign jurisdictions supporting each of these propositions which we will not undertake to review in this opinion. We appear to have committed ourselves to the latter view by the former decisions of this court. In *State v. Kirk,* 133 Neb. 625, 276 N. W. 380, we held: "In determining the illegal practice of law, it is the character of the act and not the place where the act is performed which is the decisive factor." See, also, *State v. Hinckle,* 137 Neb. 735, 291 N. W. 68. The

holding in *State v. Barlow,* 131 Neb. 294, 268 N. W. 95, although not expressly stated, tends to support the same conclusion. In *State v. Wells,* 191 S. Car. 468, 5 S. E. (2d) 181, the supreme court of South Carolina stated the rule as follows: "The character of service rendered, and not the denomination of the tribunal before whom such services are rendered, controls determination of whether such services constitute the 'practice of law.'" See, also, *Grand Rapids Bar Ass'n v. Denkema,* 290 Mich. 56, 287 N. W. 377; *Shortz v. Farrell,* 327 Pa. St. 81, 193 Atl. 20; *People v. Peoples Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901. We have come to the conclusion that it is the act, not the person by whom or for whom or the place where it is done, which determines whether it is unauthorized law practice.

The railway commission is a constitutional tribunal deriving its powers directly from the people. Const. art. IV, sec. 20. The legislature has, in accordance with the provisions of the foregoing section of the Constitution, authorized the railway commission to adopt rules and regulations to govern its proceedings and the mode and manner of conducting investigations. Comp. St. 1929, secs. 75-301 and 75-102; Comp. St. Supp. 1939, sec. 75-225. These sections of the statute convey broad powers upon the railway commission with reference to its procedure, but they do not authorize one not admitted to the bar to engage in the practice of law. The determination of the persons to be licensed to practice law is a judicial function over which the courts have exclusive control. The issue therefore resolves itself into the question whether the acts performed by respondent amounted to the practice of law. In this connection, we desire to point out the difficulty of stating an all-inclusive definition of what constitutes the practice of law. Any attempt to state a general and precise definition would tend toward a rigidity by judicial rule which would eventually forestall the beneficial results to be accomplished. The practice of law obviously has complexities and diversities too many and too intricate to be compressed within an exact formula. The situation is further proof

of the correctness of the statement of Mr. Justice Holmes that "general propositions do not decide concrete cases."

It is urged as a defense that to acquire and possess the knowledge necessary to have reasonable skill and efficiency in the handling of matters relating to the fixing and revision of transportation and service rates and charges of common carriers requires years of intensive and undivided study which few lawyers, if any, have undertaken. This is not a defense. We do not doubt that respondent possesses high qualifications in the transportation rate field. But the fact that he can qualify as an expert in a particular field will not permit his engaging lawfully in the profession of the law without a license to do so. In this respect he is in no better position than the physician, the accountant, and the financial adviser, each of whom has expert knowledge in excess of that of the lawyer in his respective field.

As was done in *State v. Barlow*, 131 Neb. 294, 268 N. W. 95, and *State v. Kirk*, 133 Neb. 625, 276 N. W. 380, we shall examine the facts and circumstances of each case and determine as best we can the line of demarcation, often shadowy and wavering, which defines the limits of the functions of the legal adviser from those of the layman.

The fixing and revision of transportation rates, charges and conditions of service is a legislative function which has been conferred upon the railway commission. In addition to this function it has duties of administrative and judicial character to perform. This is a further reason why, in an appearance before the railway commission, the nature of the appearance must be inquired into before it can be determined whether it constitutes the practice of law. While the fixing of transportation rates by the railway commission has been consistently held to be a legislative function, its orders are subject to review on appeal to the supreme court. *Hooper Telephone Co. v. Nebraska Telephone Co.*, 96 Neb. 245, 147 N. W. 674; *Publix Cars, Inc., v. Yellow Cab & Baggage Co.*, 130 Neb. 401, 265 N. W. 234; *Effenberger v. Marconnit*, 135 Neb. 558, 283 N. W. 223. It is held in the foregoing cases that the questions to be determined

on such an appeal are whether the railway commission acted within the scope of its authority and if the order complained of is reasonable and not arbitrarily made. It is quite apparent that the record made before the railway commission is, on appeal, the record from which the supreme court must determine these questions. We have come to the conclusion, however, that the fact that an appeal is allowed from an order of the railway commission in a purely legislative matter does not of itself make an appearance before the commission an engagement in the practice of law. The appeal from a rate fixing order of the railway commission to the supreme court as provided by our statute, Comp. St. 1929, sec. 75-505, and upheld by this court in *Hooper Telephone Co. v. Nebraska Telephone Co.*, 96 Neb. 245, 147 N. W. 674, establishes a procedure peculiar to this state in that the general weight of authority is to the effect that statutes providing for such an appeal clothe the court with legislative powers contrary to constitutional provisions. While this court has continued to follow the *Hooper Telephone Company* case, we do not think it is sufficient to justify a holding that an appearance before the railway commission in a purely legislative matter is, of itself, sufficient to constitute the practice of law.

Respondent further contends as a defense that a denial of the right of respondent to appear and practice before the railway commission would violate rights vested in and granted to the railway commission and to the respondent by the Constitution in that it would amount to an invasion of the powers of the legislative branch of the government of the state by the judicial branch thereof. There is no merit in this contention. The sole power to define and regulate the practice of law is in the judicial branch. *In re Integration of the Nebraska State Bar Ass'n*, 133 Neb. 283, 275 N. W. 265. The legislature does not have the power to admit persons to the practice of law. Any attempt on its part to so do is an invasion of the powers of the judiciary inhibited by applicable constitutional provisions. The doctrine of the separation of powers is applicable to the extent

that each branch of the government may operate within its field subject only to constitutional restrictions and reservations. The legislature has no more right to usurp the powers of the judiciary than has the judiciary to usurp the functions of the legislature. Any legislative attempt to authorize the practice of law by one not duly licensed by the supreme court is absolutely void as an attempt to exercise judicial powers by the legislative branch of the government.

It now becomes necessary to determine in the light of the foregoing discussion of the law whether relator is entitled to a judgment on the pleadings.

The first count of the information charges that respondent appeared before the railway commission in a proceeding entitled "In The Matter of the Application of Central States Motor Carriers Association for Authority to Establish Rates on Building and Fencing Materials." The nature of the proceeding is not disclosed except what may be gleaned from the foregoing title. It is charged that respondent appeared before the railway commission in said matter in a representative capacity and performed certain acts including the preparation and filing of pleadings, the examination and cross-examination of witnesses, the lodging of objections to the introduction of testimony and the making of arguments in support of the position taken by those whom he represented. While these functions are generally included in the routine duties of a practitioner of the law, they are not conclusive when performed outside of court unless it be shown that legal training, knowledge and skill were required in their exercise. As was said in the *Barlow* case, laymen may prepare simple, elementary documents of a routine character. A layman may also advise persons as to matters of business, although minor legal questions be incidentally involved where the legal training, knowledge and skill required are not beyond the range of the average man. It is not charged in count 1 that the acts performed by respondent required the exercise of legal training, knowledge and skill. Consequently, respondent

has not, by his admission of the truth of the facts pleaded, admitted that he was engaged in the practice of law. The motion as to count 1 is therefore overruled.

Count 2 of the information charges the performance of acts similar to those contained in count 1. It contains the additional allegation, however, that respondent conducted the proceedings as a duly licensed attorney at law and counseled and advised his alleged client with reference to law and procedural matters. The answer of respondent admits the doing of the acts alleged, but denies that he acted as an attorney at law, or advised as to legal or procedural matters. Relator is not therefore entitled to a judgment on the pleadings. Evidence is required to establish whether the character of respondent's actions was such as would amount to the unlawful practice of law.

Count 3 contains similar allegations as count 1. Respondent denies that he appeared at the hearing as charged. The motion is necessarily overruled as to this count.

In count 4, acts are charged which are similar in character to those charged in count 2. Respondent admits the doing of the acts charged in this count, but denies acting as an attorney at law or in any manner engaging in the practice of law. It is necessary in order to sustain a conviction for contempt that evidence be adduced showing that legal training, knowledge and skill were required in the performance of the acts with which respondent is charged, when such acts were performed outside of court. The motion for a judgment on the pleadings is therefore overruled as to this count.

In count 5, respondent is charged with doing certain acts outside of court which are alleged to constitute the practice of law. The nature of the acts and whether their doing requires legal training, knowledge and skill are not shown with such particularity that this court can say as a matter of law that they constitute illegal practice of law. Respondent denies that he acted as attorney or in any manner advised or counseled as to the law. Evidence of the nature of the acts and the necessity of legal training,

knowledge and skill in their performance is required in order to substantiate the charge. The motion for judgment on the pleadings must also be overruled as to this count.

It is true that relator alleges generally that in each of said counts respondent advised and counseled as to legal rights and conducted himself as a regularly licensed attorney. These allegations are denied by respondent and they can therefore lend no assistance in support of the motion.

The motion of relator for a judgment on the pleadings is therefore overruled as to each count contained in the information and the cause referred to the duly appointed referee of this court for the taking of evidence and the determination of findings of fact and conclusions of law necessary to a final disposition of the case.

MOTION FOR JUDGMENT ON THE PLEADINGS OVERRULED.

JOHNSEN, J., not participating.