**WILLIAMS et al. v. DOWNING et al.**

No. 28798. Oct. 17, 1939.

Rehearing Denied Nov. 7, 1939.

Nelle Nesbitt and Frank Nesbitt, both of Miami, for plaintiffs in error.

E. G. Avery and D. H. Cotten, both of Miami, for defendants in error.

PER CURIAM. This appeal seeks a reversal of a judgment rendered by the district court of Ottawa county in an action of equitable cognizance wherein the defendants in error were plaintiffs and the plaintiffs in error were defendants. The action was one to quiet title and to cancel a deed. The facts which gave rise to the litigation will be briefly stated. On November 24, 1924, the plaintiff in error C. M. Williams, by indenture of that date, conveyed a determinable or base fee in a certain tract or parcel of land located in the city of Commerce, Okla., to three individuals for the use of the Bethleham (sic) Baptist Church of Commerce, Okla. The granting clause in said conveyance contained the following provision: "for the use and benefit of the Bethleham (sic) Baptist Church so long as said Bethleham (sic) Baptist Church shall continuously use said premises for church purposes, but if said Bethleham (sic) Baptist Church shall fail to use said premises for one year then said real estate shall revert to C. M. Williams, or his heirs."

Under the aforesaid conveyance the defendants in error entered into the possession of said premises, improved and occupied the same for a number of years. On February 16, 1937, the plaintiff in error C. M. Williams, conceiving that the provisions contained in the foregoing indenture had been violated, sought to claim the reversion therein contained and to re-enter and take possession of the premises, and in pursuance of said plan executed a warranty deed to the plaintiff in error L. O. Kellogg. Thereupon the present action was commenced by Thomas Downing, Clint Downing, and Elmer Joiner, trustees of the Bethleham (sic) Baptist Church of Commerce, Okla., as successors in office of the original trustees named in the indenture of November 24, 1924. Thereafter, upon the verified statement of Thomas Downing and Clint Downing that they had ceased to be trustees of the Bethleham (sic) Baptist Church of Commerce, Okla., and had no interest in the litigation either individually or in a representative capacity, their names were stricken from the petition and the cause was thereafter prosecuted by Elmer Joiner, the sole remaining trustee. At the trial of the cause the defendants in error introduced the indenture under which they claimed in evidence and proof of the assertion of hostile claims by the plaintiffs in error and evidence of the use to which the premises had been put since its acquisition. The plaintiffs in error, after their demurrers to the evidence of the defendants in error were overruled, offered evidence in their behalf which tended to substantiate their claim that the property had not been

used for church purposes continuously subsequent to December, 1935. Upon the conclusion of all of the evidence, the trial court found generally in favor of the defendants in error and rendered judgment in their behalf quieting title in them and canceling the deed which had been executed to L. O. Kellogg. This appeal has been perfected from that judgment, and the questions presented here for determination are, first, whether, when, for any reason, a trust estate has only one trustee to act for it, such trustee may maintain or defend an action in its behalf; second, whether the judgment of the trial court is contrary to the clear weight of the evidence. The plaintiffs in error contend that, since from the petition it appeared that there were three trustees authorized to act on behalf of the Bethleham (sic) Baptist Church, the action could not be maintained by a single trustee. This is based on the assumption that Thomas Downing and Clint Downing were cotrustees with Elmer Joiner notwithstanding the fact that they had expressly disclaimed being such and had also disclaimed any interest either in their individual or representative capacities to the premises involved in the litigation. Under such circumstances, all argument and authorities cited by the plaintiffs in error, and which discuss and deal with situations where more than one trustee was involved, are beside the point and have no application either in fact or principle to the situation here presented. We are of the opinion, and hold, that, since the record shows that Thomas Downing and Clint Downing had ceased to be trustees and there was no showing that any successor had been appointed to take their place, thereupon Elmer Joiner, as the sole remaining trustee, was authorized under section 144, O. S. 1931, 12 Okla. St. Ann. § 223, to maintain the action. The contention of the plaintiffs in error to the contrary is sustained neither by reason nor authority.

We will now address ourselves to the really serious question which has been presented by the plaintiffs in error, and that is whether the judgment of the trial court is contrary to the clear weight of the evidence. In so doing we must not lose sight of the fact that the action was one to quiet title and to cancel a deed, and that the burden which rested upon the plaintiffs in that action, defendants in error here, was to show their chain of title, and that the defendants there, plaintiffs in error here, were asserting claims adverse thereto, and that such claims were junior and inferior to the right and title of the plaintiffs. When the defendants in error introduced the indenture under which they claimed and evidence of the fact that possession had been taken thereunder and maintained, they established a prima facie case sufficient to support a judgment in their favor.

The claim of the plaintiff in error C. M. Williams to reversion and right of re-entry constituted an affirmative defense, the burden of establishing which rested upon him. As pointed out previously, the conveyance by C. M. Williams to the trustees of the Bethleham (sic) Baptist Church was one for the use and benefit of said church so long as it should continuously use said premises for church purposes, and provided that a failure so to do for a period of one year would work a forfeiture of the estate so granted. Therefore, in order that the plaintiff in error might substantiate his claim to the reversion, it was necessary for him to show first that the church had ceased for one year previous to the suit to devote the premises to the use mentioned in the deed.

The evidence in the case at bar does not satisfy such requirements, but on the contrary shows that while regular church services had not been held by the congregation of the Bethleham (sic) Baptist Church subsequent to December, 1935, that Sunday school, prayer meetings and meetings of the Ladies' Aid and other correlated activities of the church had been conducted and carried on on the premises with sufficient continuity to preclude the claim of the plaintiff in error C. M. Williams to a forfeiture of the grant and to a reversion. As previously pointed out, the evidence on behalf of the defendants in error was amply sufficient to sustain a judgment in their behalf upon the issues presented by them. This action being one of equitable cognizance, the general finding of the trial court constituted a finding of every special thing necessary to support such general finding. See Jones v. Storie, 172 Okla. 473, 40 P.2d 1067; Bolend v. Rogers, 173 Okla. 91, 45 P.2d 1069; Noble v. Bodovitz, 175 Okla. 432, 52 P.2d 1046. The record presents no reversible error.

Judgment affirmed.

WELCH, V. C. J., and RILEY, GIBSON, HURST, and DAVISON, JJ., concur.