BACK ACRES PURE TRUST ET AL., APPELLANTS, V. RAY J. FAHNLANDER ET AL., APPELLEES.

443 N.W.2d 604

Filed July 28, 1989.    No. 88-074.

E.L. Peister for appellants.

Michael V. Smith, of Smith and King, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is a purported appeal by Back Acres Pure Trust and its trustees Larry Newman and Virginia K. Campbell from a judgment of the district court, which sustained the defendant Jack D. Carnahan's motion for summary judgment. The plaintiffs had sought to quiet title in themselves to portions of Section 19, Township 33 North, Range 47 West, and Section 24,

Township 33 North, Range 48 West, in Dawes County, Nebraska. E.L. Peister, a nonlawyer, who was not one of the original plaintiffs, was permitted to appear in this court pro se, as his interests might appear. It is now apparent that he should not have been permitted to argue.

The record discloses that although Peister stated to the trial court that he had been named a trustee and would furnish the court with a copy of the minutes showing his appointment and that he was now serving as such trustee together with Newman and Campbell, no such showing was ever made. He signed the brief of appellants on behalf of himself and appellants. In actuality, he had no authority to appear pro se as a trustee, and certainly not as a representative of appellants.

Except as provided in section 7-101.01, no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state.

Neb. Rev. Stat. § 7-101 (Reissue 1987).

It is true that, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. *Larson v. Sylvester*, 282 Mass. 352, 185 N.E. 44 (1933); *Williams v. Downing*, 185 Okla. 633, 95 P.2d 612 (1939). However, we agree with the holding of the Supreme Court of Hawaii that a trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law. See *In re Ellis*, 53 Haw. 23, 487 P.2d 286 (1971).

Because Peister had no authority to file a brief in this matter, either in his own behalf or on behalf of appellants, appellants' briefs are ordered stricken, and the appeal is dismissed.

APPEAL DISMISSED.