THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Real Estate Unlimited, L.L.C.,       
Respondent,
 
 
 

v.

 
 
 
Rainbow Living Trust, Lelie Rae M. Foster aka Leliaree Foster aka Lelia 
 Ree Foster, Stephen Ford, as Delinquent Tax Collector for Spartanburg 
 County, and Steve Arthur Foster, Defendants,
 of whom Rainbow Living Trust is       
 Appellant.
 
 
 

Appeal From Spartanburg County
Roger L. Couch , Master-In-Equity

Unpublished Opinion No. 2004-UP-019
Submitted October 15, 2003  Filed January 15, 2004 

AFFIRMED

 
 
 
Felix A. Bulsa, of Inman, for Appellant.
Leonard R. Jordan, Jr., Berry Quackenbush, of Columbia, for 
 Respondent.
 
 
 

PER CURIAM:  In this action to set aside 
 a tax deed, Felix Bulsa appeals on behalf of Rainbow Living Trust asserting 
 the master-in-equity in determining that as trustee, Bulsa cannot represent 
 the Trust in the action because he is not an attorney.  
FACTUAL/PROCEDURAL BACKGROUND
The Trust was the high bidder at a tax 
 sale for the subject property held November 4, 1997.  Stephen Ford, the Delinquent 
 Tax Collector for Spartanburg County issued a tax deed to the Trust dated November 
 30, 1998 and recorded January 22, 1999.  
On June 21, 2000, Real Estate Unlimited, 
 L.L.C., which had purchased the property at a mortgage foreclosure sale by deed 
 dated April 23, 1998, brought an action to set aside the tax sale.  Bulsa, as 
 trustee for the Trust, filed an answer to Real Estate Unlimiteds complaint 
 and asserted a counterclaim.  In its reply to the counterclaim, Real Estate 
 Unlimited asserted that because Bulsa is not an attorney licensed to practice 
 law in South Carolina, he should not be allowed to represent the Trust in this 
 matter.  
At the beginning of the hearing before 
 the master-in-equity, counsel for Real Estate Unlimited again raised an objection 
 to Bulsa appearing on behalf of the Trust.  The master ruled he would not allow 
 Bulsa to argue on the Trusts behalf.  In his written order, the master again 
 stated that Bulsa could not represent the Trust because he is not an attorney.  
 He held that as the pleadings served and filed by Bulsa were a nullity, the 
 Trust was deemed to be in default, and he would not address the issues raised 
 in the counterclaim.  In the same order, the master vacated the tax deed holding 
 the Delinquent Tax Collector for Spartanburg County failed to send the proper 
 owners of record the requisite notices.  Bulsa filed this appeal on behalf of 
 the Trust.  
DISCUSSION
Bulsa argues the master erred in holding Bulsa 
 was not allowed to represent the Trust.  We disagree. [1] 
South Carolina Code Annotated Section 
 40-5-310 (2001) provides, No person may practice or solicit the cause of another 
 person in a court of this State unless he has been admitted and sworn as an 
 attorney.  However, a citizen may prosecute or defend his own cause, if he 
 so desires.  S.C. Code Ann. § 40-5-80 (Supp. 2002).  Although Bulsa maintains 
 the Trust is a special legal entity, he claims he was merely representing 
 himself by appearing on behalf of the Trust.  
The issue of whether a non-attorney trustee may 
 appear in court on behalf of the trust is novel in South Carolina.  However, 
 numerous other jurisdictions have addressed the issue and found a trustees 
 appearance in court on behalf of the trust would constitute the unauthorized 
 practice of law.  
The Supreme Court of Arkansas held a trustee who 
 is not a licensed attorney cannot practice law in matters relating to his trusteeship 
 on the theory that he is practicing for himself.  Arkansas Bar Assoc. v. 
 Union Natl Bank of Little Rock, 273 S.W.2d 408, 410 (Ark. 1954).  The court 
 explained that a trustee is not acting for himself and in connection with his 
 own business affairs but on the contrary is acting for others who ordinarily 
 would be the beneficiaries. Id. at 411.  
The Supreme Court of Nebraska noted that, [A]s 
 a general rule, a trust is not a legal personality, and the trustee is the proper 
 person to sue or be sued on behalf of such  trust. Back Acres Pure Trust 
 v. Fahnlander, 443 N.W.2d 604, 605 (Neb. 1989).  However, the court found, 
 that a trustees duties in connection with his or her office do not include 
 the right to present argument pro se in courts of the state, because 
 in this capacity such trustee would be representing interests of others and 
 would therefore be engaged in the unauthorized practice of law.  Id.  

Similarly, the United States Court of Appeals for 
 the Ninth Circuit held a persons status as trustee did not include the right 
 to present arguments pro se in federal court.  C.E. Pope Equity Trust 
 v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  It stated the trustees 
 status is that of fiduciary and his statutory responsibility was the orderly 
 administration of assets.  Id.  Although it noted the record did not 
 identify the trusts beneficiaries, it held because [the trustee] is not the 
 actual beneficial owner of the claims being asserted by the Trusts (so far as 
 one can tell from the record), he cannot be viewed as a party conducting his 
 own case personally within the meaning of [28 U.S.C. § 1654].  Id. 
 at 697-98.  See also Maisano v. Welcher, 940 F.2d 499 (9th 
 Cir. 1991) (finding that if property belonged to the trust, the trustees had 
 no standing to sue); Ziegler v. Nickel, 75 Cal.Rptr.2d 312 (Cal. Ct. 
 App. 1998) (stating a non-attorney trustee who represents the trust in court 
 is representing and affecting the interests of the beneficiary and is thus engaged 
 in the unauthorized practice of law); Lazy L Family Preservation Trust 
 v. First State Bank of Princeton, 521 N.E.2d 198 (Ill. App. Ct. 1988) (finding 
 that even if trust document purported to authorize person to represent trust 
 in court, it cannot empower him to practice law without a license); Salman 
 v. Newell, 885 P.2d 607 (Nev. 1994) (while taking no position on the validity 
 of trusts, holding non-attorney trustee may not represent trust in district 
 court or appellate court); Williams v. Global Constr. Co., 498 N.E.2d 
 500, 502 (Ohio Ct. App. 1985) (finding where trustee brought action in the name 
 of a trust, he was acting as an attorney for the trust and engaged in the unauthorized 
 practice of law); Life Science Church, Bible Camp & Christian Liberty 
 Academy v. Shawano County, 585 N.W.2d 625, 334 (Wis. 1998) ([T]rustees 
 may appear in Wisconsin courts without licensed legal counsel only to represent 
 their own legal interests in their individual capacities, not to represent the 
 legal interests of their trusts or trust beneficiaries in their representative, 
 fiduciary capacities as trustees.).
We find these cases persuasive and hold section 
 40-5-80 does not authorize a non-attorney trustee of a valid trust to represent 
 the trust in the court of common pleas because the action would not be the trustees 
 own cause but rather that of the trust and its beneficiaries.  Accordingly, 
 when assuming the Trust in this matter is valid, we hold the master did not 
 err in ruling Bulsa may not represent the Trust in his court.  
AFFIRMED.  
HUFF, STILWELL, and BEATTY concur.  

 
 [1]    For this opinion, we assume the Trust is a valid 
 trust.