IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


HUSE V. DAKOTA CTY. BD. OF EQUAL.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


JOHN J. HUSE AND HUSE REVOCABLE TRUST, JOHN J. HUSE, COTRUSTEE, APPELLANTS,

v.

DAKOTA COUNTY BOARD OF EQUALIZATION, APPELLEE.


Filed December 29, 2015.    No. A-15-611.


Appeal from the Tax Equalization and Review Commission. Appeal dismissed.

John J. Huse, pro se.

Kim Watson, Dakota County Attorney, for appellee.


MOORE, Chief Judge, and INBODY and BISHOP, Judges.

BISHOP, Judge.

In accordance with Neb. Rev. Stat. § 77-5019 (Cum. Supp. 2014), John J. Huse, as co-trustee of the Huse Revocable Trust (Trust), petitions this court for review of a decision of the Tax Equalization and Review Commission (TERC), which affirmed a decision of the Dakota County Board of Equalization (Board). Huse contends that for tax years 2012 and 2014, three agricultural land parcels held in the Trust should have been assessed at lower values than those assessed by the Dakota County Assessor. Huse is not an attorney and is not represented by an attorney on appeal; he submitted his petition for review and brief pro se. For reasons we explain below, Huse has engaged in the unauthorized practice of law, and we must strike his brief and dismiss the appeal.

Neb. Rev. Stat. § 7-101 (Reissue 2012) provides that, except for one limited exception not applicable here:

[N]o person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing

- 1 -

his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state.

Addressing the applicability of § 7-101 in the context of an individual appearing pro se in his capacity as trustee of a trust, the Nebraska Supreme Court in *Back Acres Pure Trust v. Fahnlander*, 233 Neb. 28, 29, 443 N.W.2d 604, 605 (1989), stated:

It is true that, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. [Citations omitted.] However, we agree with the holding of the Supreme Court of Hawaii that a trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law. See *In re Ellis*, 53 Haw. 23, 487 P.2d 286 (1971).

Because the appellants in *Back Acres Pure Trust, supra*, were a trust and its trustees, but the appellants' briefs were submitted by a non-attorney, who claimed he was a trustee of the trust, the court struck the briefs and dismissed the appeal.

In this case, the record contains documents from the Dakota County Assessor identifying the owners of each of the three agricultural land parcels as Huse and Rosemarie Huse as co-trustees of the Trust. The issue on review is the valuation for property tax purposes of the three parcels held in the Trust. Although the caption of the petition for review filed with this court sets forth as appellants "John J. Huse, and Huse Revocable Trust, John J. Huse, Co-Trustee," the first paragraph of the petition identifies the petitioner as "John Huse as co-trustee of the Huse Revocable Trust." Huse is not permitted to submit pro se arguments in this court in his capacity as co-trustee of the Trust. By doing so, Huse is representing the interests of others, which § 7-101 prohibits. See *Back Acres Pure Trust, supra*. Because Huse is engaging in the unauthorized practice of law, his brief must be stricken and the appeal dismissed. See *id*.

We note that even if Huse and his wife Rosemarie are the only trustees and beneficiaries of the Trust (the record does not identify the trust beneficiaries), it does not matter for purposes of Huse's ability to represent the Trust pro se. In *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015), the sole member of an LLC attempted to represent the LLC pro se. The Nebraska Supreme Court held this violated § 7-101 and declined to recognize an exception for single member LLCs. *Steinhausen, supra*. The court noted that while "it might be true that no other person's financial interest in [the LLC] would be harmed . . . a layperson's lack of professional skills and ethical obligations 'imposes undue burdens on opposing parties and the courts,' and '[t]hese considerations are just as important when the LLC has only one owner.'" *Id.* at 937, 857 N.W.2d at 826, quoting *Dutch Village Mall v. Pelletti*, 162 Wash. App. 531, 256 P.3d 1251 (2011).

We also acknowledge that Huse has a right to represent himself in an individual capacity, as opposed to in his capacity as co-trustee of the Trust. See Neb. Rev. Stat. § 7-110 (Reissue 2012) ("[p]laintiffs shall have the liberty of prosecuting, and defendants shall have the liberty of defending, in their proper persons"). As the Supreme Court in *Steinhausen, supra,* noted, when a

layperson appeals both in his own behalf and on behalf of a business entity, the proper procedure is to dismiss the appeal as to the entity but consider the merits of the appeal as to the errors assigned by the layperson in his own behalf. Thus, we have searched the record to determine whether Huse may proceed in his individual capacity.

The petition for review and brief that Huse filed with this court are less than clear when it comes to identifying the parties to this action. As previously noted, the caption of the petition for review to this court shows as appellants, "John J. Huse, and Huse Revocable Trust, John J. Huse, Co-Trustee." Huse then states in the first paragraph that the petitioner is "John Huse as Co-Trustee of the Huse Revocable Trust." He also states that the parties to the case that led to the decision being appealed were the Board, TERC, and "John J. Huse as Co-Trustee of the Huse Revocable Trust." However, in his brief, Huse identified "John J. Huse" as the petitioner and made no mention of the Trust. He signed his brief "John J. Huse."

While the pro se filings are less than clear, "we do not restrict our inquiry to the titles of the complaint and the appellant's brief"; rather, "the character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone." *Steinhausen, supra* at 938, 857 N.W.2d at 827. "If the capacity in which a party sues is doubtful, a court may examine the complaint, the pleadings as a whole, and even the entire record." *Id.*

Our review of the record leads us to conclude that the only party to this appeal is Huse in his representative capacity as co-trustee of the Trust, not in his individual capacity. Neb. Rev. Stat. § 77-5019 (Cum. Supp. 2014) of the Tax Equalization and Review Commission Act (TERC Act) permits "[a]ny party aggrieved by a final decision" of TERC to seek judicial review in this court. In the context of the Administrative Procedure Act, which similar to the TERC Act includes but does not define the phrase "aggrieved party," see Neb. Rev. Stat. § 84-918(1) (Reissue 2014), the Nebraska Supreme Court has treated the issue of whether a party is "aggrieved" as a matter of standing. *Shaffer v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 740, 857 N.W.2d 313 (2014). "To have standing, a litigant must have a legal or equitable right, title, or interest in the subject matter of the controversy." *Id.* at 746, 857 N.W.2d at 319. "The 'party aggrieved' concept must be given a practical rather than hypertechnical meaning." *Id.* Standing is a jurisdictional component of a party's case, and a question of standing may be raised by a party or the court at any time. *In re Application A-18503*, 286 Neb. 611, 838 N.W.2d 242 (2013).

Nothing in the record indicates that Huse has any right, title, or interest in the three parcels held in the trust, other than in his capacity as co-trustee of the Trust. As stated above, the record contains documents from the Dakota County Assessor identifying the owners of each parcel as Huse and Rosemarie Huse as co-trustees of the Trust. Generally, a trustee is bound to act in a fiduciary capacity, not in a personal capacity, when dealing with trust property. See Neb. Rev. Stat. § 30-3867 (Reissue 2008). See, also, *In re Estate of Hedke*, 278 Neb. 727, 775 N.W.2d 13 (2009) (discussing a trustee's duties to avoid conflict between the trustees' fiduciary duties and personal interests). Thus, Huse's status as co-trustee of the Trust which holds the three parcels of land does not confer on him any personal, individual interest in the parcels, such that he would have standing to seek review of TERC's decision in his own behalf. Based on the record before

us, we conclude that Huse has no standing to seek review of TERC's decision in his individual capacity.

For the foregoing reasons, we strike the brief filed by Huse and dismiss the appeal.

APPEAL DISMISSED.