IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


ASSAD V. SIDNEY REGIONAL MED. CTR.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


EMIL ASSAD, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR OF THE
ESTATE OF KATHY ASSAD, DECEASED, APPELLANT,

V.

SIDNEY REGIONAL MEDICAL CENTER, A CHEYENNE COUNTY HOSPITAL,
AND DR. TRACY RAY, P.A., APPELLEES.


Filed May 2, 2017.    No. A-16-949.


Appeal from the District Court for Cheyenne County: DEREK C. WEIMER, Judge. Judgment vacated, and cause remanded with directions.

Emil Assad, pro se.

Mark A. Christensen and Travis W. Tettenborn, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellees.


MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Emil Assad appeals the order of the district court for Cheyenne County which denied his motion to recuse and motion for continuance and granted the motion for summary judgment filed by the defendants, Sidney Regional Medical Center and Dr. Tracy Ray, P.A. Upon our review of the record, we observe plain error, and as a result, we vacate the order of the district court, and remand the cause with directions to dismiss the complaint.

BACKGROUND

In February 2014, Assad took his wife, Kathy Assad, to the emergency room because she was not feeling well. She was prescribed medication and sent home. Her condition deteriorated, and two days later she was admitted to the hospital. She remained in the hospital until her death approximately 5 weeks later.

Assad commenced this action, pro se, in February 2016. He claimed that the treating physician's assistant, Tracy Ray, and the medical center where Kathy was treated, Sidney Regional Medical Center, were negligent in their treatment of her which contributed to her death. The defendants moved for summary judgment. Assad filed a motion for the trial judge to recuse himself and a motion to continue the summary judgment hearing. The court denied Assad's motions and granted the defendants' motion for summary judgment. Assad appeals.

STANDARD OF REVIEW

Plain error may be asserted for the first time on appeal or be noted by an appellate court on its own motion. *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

ASSIGNMENTS OF ERROR

Assad assigns that the district court erred in (1) denying his motion to recuse, (2) granting the defendants' motion for summary judgment, and (3) denying his motion for continuance.

ANALYSIS

Before addressing Assad's assigned errors, we recognize plain error. Assad filed the complaint "Individually and as Special Administrator of the Estate of Kathy Assad, Deceased." Because Assad is not a licensed attorney, such a filing constitutes the unauthorized practice of law. As a result, the complaint is a nullity and must be dismissed.

The Nebraska Supreme Court recently addressed this issue in *Kelly v. Saint Francis Medical Center*, 295 Neb. 650, 889 N.W.2d 613 (2017). There, the plaintiff, Ann Kelly, filed, in her own behalf and on behalf of the estate of her husband, a pro se wrongful death action against the medical center, physician, and other "fictitious entities." In her complaint, she alleged that the physician provided negligent medical care to her husband, which was the direct cause of his death, and the medical center provided negligent medical care to him, which was the direct cause of his death. Kelly was not a licensed attorney and signed the complaint as a "Pro Se Plaintiff." The defendants moved to dismiss the complaint in part because Kelly was engaging in the unauthorized practice of law. The trial court agreed and dismissed the complaint. Kelly appealed.

On appeal, the Supreme Court recognized that under the rules governing the unauthorized practice of law, no nonlawyer shall engage in the practice of law in Nebraska or in any manner represent that such nonlawyer is authorized or qualified to practice law in Nebraska except as may be authorized by published opinion or court rule. *Id.* (citing Neb. Ct. R. § 3-1003). The term "nonlawyer" is defined by the rules as any person not duly licensed or otherwise authorized to

practice law in the State of Nebraska, including any entity or organization not authorized to practice law by specific rule of the Supreme Court whether or not it employs persons who are licensed to practice law. *Id*. (citing Neb. Ct. R. § 3-1002(A)). The term "practice of law" is defined as the application of legal principles and judgment with regard to the circumstances or objectives of another entity or person which require the knowledge, judgment, and skill of a person trained as a lawyer. *Id*. (citing Neb. Ct. R. § 3-1001). This includes, but is not limited to, selection, drafting, or completion, for another entity or person, of legal documents which affect the legal rights of the entity or person. *Id*. (citing Neb. Ct. R. § 3-1001(B)).

Considering the above definitions, the Supreme Court observed that Kelly was a nonattorney at the time she filed a complaint on behalf of her husband's estate. In her complaint, she sought to represent the interests of the estate, and she drafted the complaint and signed it as a pro se plaintiff. Therefore, the court determined that with this legal document, Kelly was seeking to "affect the legal rights" of the estate, which constitutes the unauthorized practice of law. See *id*.

The Supreme Court further recognized that proceedings in a suit by a person not entitled to practice are a nullity, and the suit may be dismissed. See *id*. Therefore, the single act of Kelly drafting and filing the complaint on behalf of the estate, which constituted the unauthorized practice of law, was sufficient for the trial court to rule that her complaint was a nullity. See *id*. Accordingly, the Supreme Court concluded that the trial court correctly held that Kelly's complaint was a nullity. *Id*. See also *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015) (because plaintiff was not licensed to practice law in Nebraska, his appeal is a nullity).

Likewise, in the present case, Assad is not a licensed attorney. Although he filed the complaint as special administrator of the estate of Kathy (unlike Kelly who filed her complaint "in her own behalf and on behalf of the Estate"), the filing of the complaint as special administrator still constitutes the unauthorized practice of law. See *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992).

In *Waite*, the nonlawyer personal representative of the estate filed five wrongful death actions for medical malpractice. The trial court dismissed the actions. On appeal we rejected Waite's argument that he was representing himself as a party and therefore was not engaged in the unauthorized practice of law. We noted:

> this is simply a misapprehension of the role of a personal representative. Under Nebraska law, a personal representative "is a fiduciary who shall observe the standards of care applicable to trustees. . . ." Neb. Rev. Stat. § 30-2464(a) (Reissue 1989). In the various "Complaint[s]," facts are alleged which assert predeath injuries by the defendants, or at least by some of them, to the decedent. Section 30-2464(c) gives the personal representative authority to bring suit on any cause of action which survives the decedent's death. In addition, any action for wrongful death "shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower and next of kin." Neb. Rev. Stat. § 30-810 (Cum. Supp. 1992).

*Id*. at 325-26, 496 N.W.2d at 4. The role of a special administrator is similar to that of a personal representative. "After a special administrator is appointed, the administrator has the same powers as a personal representative, except the power is limited to the duties prescribed in the trial court's order." *In re Estate of Robb*, 21 Neb. App. 429, 439-40, 839 N.W.2d 368, 376 (2013). See also

Neb. Rev. Stat. § 30-2209(33) (Reissue 2016) (including special administrator in the definition of personal representative) and § 30-2459 (Reissue 2016) (special administrator has duty to collect and manage the assets of the estate, to preserve them, and deliver them to personal representative upon his qualification).

Assad, as special administrator of his wife's estate, alleges medical malpractice that resulted in his wife's death; therefore, like the plaintiffs in *Kelly v. Saint Francis Medical Center*, 295 Neb. 650, 889 N.W.2d 613 (2017), and *Waite v. Carpenter, supra*, he seeks recovery for his wife's wrongful death under the theory of negligence. But having done so pro se, as special administrator, his filings are a nullity. As stated in *Waite v. Carpenter, supra*:

> [T]he personal representative who brings a wrongful death suit is bringing it for the benefit of the other heirs, and those persons are entitled to have their legal interests represented by one who is trained and licensed to do so. This is not to say that personal representatives must be attorneys, but, rather, that one who seeks to represent the legal interests of the personal representative must be an attorney. This rule protects the estate, its heirs, and its creditors.

*Id.* at 328, 496 N.W.2d at 5 (1992).

Therefore, to allow Assad to prosecute this claim as the special administrator of the estate without securing representation by a lawyer, would constitute the unauthorized practice of law. As such, Assad's complaint is a nullity and allowing him to represent the estate in this matter constitutes plain error. We therefore vacate the order of the district court which entered summary judgment in favor of the defendants, and remand the cause with directions to the court to dismiss the complaint.

## CONCLUSION

We find plain error in allowing Assad to maintain this action because he is not a licensed attorney who filed the complaint on behalf of an entity. Therefore, he engaged in the unauthorized practice of law, and his complaint is a nullity. As a result, we vacate the order of the district court, and remand the cause with directions for the court to dismiss the complaint.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.