IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE ESTATE OF WARNER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE ESTATE OF JOSEPHINE P. WARNER, DECEASED.

PHILIP E. WARNER, APPELLANT,

V.

JOSEPH R. WARNER AND BARBARA J. WARNER, APPELLEES.

Filed May 17, 2022.    No. A-21-598.

Appeal from the County Court for Sarpy County: ROBERT C. WESTER, Judge. Appeal dismissed.

Philip E. Warner, pro se.

Joseph R. Warner, pro se.

Charles E. Dorwart and Thomas C. Dorwart, of Massih Law, L.L.C., for appellee Barbara J. Warner.

PIRTLE, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Philip E. Warner, acting pro se, appeals the order of the county court for Sarpy County regarding the estate of his deceased mother, Josephine P. Warner. His notice of appeal provided that he was "an interested person as defined by the Nebraska Probate Code section 30-2209(21)." His sole assignment of error on appeal is that "[t]he trial court erred by failing to adhere to all the applicable provisions of Neb. Rev. Stat. § 30-2454 by removing appellant as successor personal representative." Brief for appellant at 3.

- 1 -

STATEMENT OF FACTS

This appeal involves ongoing litigation among three siblings, Philip, Barbara Warner, and Joseph Warner, regarding their deceased mother's estate. This litigation has been ongoing since 2012. The most recent hearing was held on July 16, 2021. At the time of the hearing, Philip had been appointed personal representative for Josephine's estate. Philip failed to appear at the hearing in person, but he was represented by counsel.

During the hearing, the county court noted that "Philip was to appear and be ready to formally close the estate, bring the necessary documents to distribute the proceeds to the trust. And I also indicated that I would listen to Mr. Joseph Warner's motions . . . and then I've listed them." After comments by Joseph, the court noted that it had closed Josephine's estate but later opened it "[f]or the purposes or receiving more assets" and for "a new accounting with respect to the . . . newly received assets."

The county court orally listed motions filed by Joseph in this case including, but not limited to, a motion to alter or amend, motion for partial stay, a motion to recuse the judge, a motion for a continuance, a motion to vacate order, a motion for sanctions, and a motion for court to explain missing funds. The court stated "I don't know what I'm going to do with those. . . . I have to look at those as well. I don't want to do something hasty."

Later in the hearing, Barbara Warner's attorney posited that "[t]here should be an order to show cause to show why [Philip] shouldn't be removed or he should be removed forthwith and . . . First Nebraska Trust Company appointed." The county court noted that, pursuant to a previous order, if Philip failed to appear, the court would take evidence to determine whether Philip should be removed. The court further stated:

I'll take the matter under advisement with respect to Philip's failure to appear and . . . provide all the information necessary to close the estate and, in conjunction with that, a decision with respect to whether he should be removed and a third party appointed to close the estate. I'm going to reserve -- I may reserve an opportunity for [Philip's counsel] to file an application for fees on this one.

At the close of the hearing, the court stated:

[The request for full distribution] will be under advisement, but . . . I've got to close [the father's] estate, which I think . . . for all intents and purposes, is done. It's got to go into Josephine's estate. And then, I suppose there's going to have to be a recalculation of inheritance tax. [Philip's counsel] may request a fee in that estate. Once that's done, then it goes into the trust and I think I'm going to hold off on that before I make -- I'll take it under advisement. . . .

On July 16, 2021, the county court entered an order setting forth, in pertinent part:

Claim by Philip Warner for personal representative fees is denied, no proper evidence was adduced.

It is ordered after making the deposit [referred to] below, Philip E. Warner is removed as personal representative for the Estate of Josephine P. Warner for his failure to comply with court orders.

It is further ordered [that] Philip E. Warner shall liquidate all [financial] accounts held for the [Estate] of Josephine P. Warner and pay the proceeds into the Clerk of the Sarpy County [Court] on or before 8/6/21.

It is further ordered if Philip E. Warner fails to make the deposit as required in the foregoing paragraph he shall appear on August 10, 2021[,] at 9:00 a.m. in Sarpy County courtroom 3 and show cause as to why he should not be held in contempt of court and punished for his willful and continued disobedience related to orders of this court.

That same day, Philip, acting pro se, filed a notice of appeal.

## ASSIGNMENT OF ERROR

Philip's sole assignment of error is that the county court erred "by failing to adhere to all the applicable provisions of . . . § 30-2454 by removing appellant as successor personal representative." Brief for appellant at 3.

## ANALYSIS

Philip signed and submitted his brief pro se, and his request for relief was summarized in the following sentence: "**COMES NOW** Philip . . . , successor personal representative of the Estate of Josephine P. Warner, Deceased, appellant, hereby respectfully moves this Court for a Decision finding that the trial court has committed error." Brief for appellant at 1. (Emphasis in original.) Therefore, Philip initially described himself as seeking relief as the "successor personal representative" of the estate. However, he then argues in his brief that he was already removed as personal representative. We view the county court's order differently. The order provided that "after making the deposit [referred to] below, Philip E. Warner is removed as personal representative for the Estate of Josephine P. Warner for his failure to comply with court orders." At the time that Philip filed his notice of appeal, he had not made the required deposit which would trigger his removal as personal representative. Therefore, at the time of his appeal and submission of the brief for appellant, Philip remained the personal representative of the estate. Philip's attempt to submit a pro se brief as a personal representative is governed by the Nebraska Supreme Court's holding in *Back Acres Pure Trust v. Fahnlander*, 233 Neb. 28, 443 N.W.2d 604 (1989), and this court's holding in *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992).

In explaining the effect of a pro se litigant's attempt to submit a brief on behalf of a trust, the Nebraska Supreme Court held:

[Nonlawyer] signed the brief of appellants on behalf of himself and appellants. In actuality, he had no authority to appear pro se as a trustee, and certainly not as a representative of appellants. "Except as provided in section 7-101.01, no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state." Neb. Rev. Stat. § 7-101 (Reissue 1987).

It is true that, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. *Larson v. Sylvester,* 282 Mass. 352, 185 N.E. 44 (1933); *Williams v. Downing,* 185 Okl. 633, 95 P.2d 612 (1939). However, we agree with the holding of the Supreme Court of Hawaii that a trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law. See *In re Ellis*, 53 Haw. 23, 487 P.2d 286 (1971).

Because [the nonlawyer] had no authority to file a brief in this matter, either in his own behalf or on behalf of appellants, appellants' briefs are ordered stricken, and the appeal is dismissed.

*Back Acres Pure Trust v. Fahnlander*, 233 Neb. at 29, 443 N.W.2d at 605.

Citing to *Back Acre Pure Trust*, this court held in *Waite v. Carpenter, supra*, that the same rule applies to a personal representative of an estate. This court held:

In the case at hand, [appellant], as the personal representative, argues that he is representing himself as a party and therefore is not engaged in the practice of law. However, this is simply a misapprehension of the role of a personal representative. Under Nebraska law, a personal representative "is a fiduciary who shall observe the standards of care applicable to trustees. . . ." Neb. Rev. Stat. § 30-2464(a) (Reissue 1989).

*Waite v. Carpenter*, 1 Neb. App. at 325, 496 N.W.2d at 4.

Here, the county court's order which removes Philip as personal representative after he makes the required deposit is an action that impacts the entirety of the estate. However, since Philip had not made the deposit which would trigger his removal at the time that he filed the notice of appeal in this case, he continued in his role as personal representative, thus acting in a fiduciary capacity when appealing the court's order. Under those circumstances, he is engaging in the unauthorized practice of law which is prohibited. Because Philip, as acting personal representative, had no authority to submit a pro se brief in this manner, his brief is ordered stricken and the appeal is dismissed. See *Back Acres Pure Trust v. Fahnlander*, 233 Neb. 28, 443 N.W.2d 604 (1989).

For the record, we further note that Joseph Warner filed a brief for appellee wherein he requested affirmative relief on behalf of the estate. However, Joseph did not comply with the rules governing cross-appeals. In *In re Interest of Natasha H. & Sierra H.*, 258 Neb. 131, 146-47, 602 N.W.2d 439, 451 (1999), the Nebraska Supreme Court noted that Nebraska appellate courts

have always refused to consider a prayer for affirmative relief where such a claim is raised in a brief designated as that of an appellee. . . .

Parties wishing to secure appellate review of their claims for relief must be aware of, and abide by, the rules of [the Nebraska Supreme Court] and the Court of Appeals in presenting such claims. Any party who fails to properly identify and present its claim does so at its peril.

Accord *In re interest of Steven S. et al.*, 27 Neb. App. 831, 936 N.W.2d 762 (2019).

- 4 -

Because Joseph failed to properly identify that he was cross-appealing and listed himself as an appellee while seeking affirmative relief, we do not consider his request for affirmative relief.

CONCLUSION

Because Philip had no authority to file a pro se brief as a personal representative in this matter, the brief for appellant is ordered stricken and the appeal is dismissed.

APPEAL DISMISSED.